UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD R. MONFORT,<br><br>    Plaintiff,<br><br>v.<br><br>ADOMANI, INC., et al.,<br><br>    Defendants. | Case No. 18-CV-05211-LHK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 9 |

Plaintiff Edward R. Monfort ("Plaintiff") sues Defendants Adomani, Inc. ("Adomani"), James L. Reynolds, Michael K. Menery, Robert E. Williams, and Kevin G. Kanning (collectively, "Defendants") for causes of action including breach of contract, fraud, fraudulent inducement to contract, and declaratory relief. Before the Court is Plaintiff's motion to remand. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Plaintiff's motion to remand.

**I.  BACKGROUND**

**A. Factual Background**

Plaintiff is "the founder of Adomani" and "the author of the patents that were used to start Adomani." Compl. ¶ 1. Plaintiff is a Florida resident. *Id.* ¶ 5. Adomani is a Delaware

1
Case No. 18-CV-05211-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

corporation with its principal place of business in Corona, California. *Id.* ¶ 10.

The individual named Defendants are all Adomani executives. *Id.* ¶¶ 6–9. Reynolds, who resides in California, "has served as Adomani's President and CEO since September 2014 and a Director since July 2014," and resides in California. *Id.* ¶ 6. Menerey, who resides in California, is Adomani's chief financial officer ("CFO") and a Director of Adomani. *Id.* ¶ 7. Williams, who resides in California, is a vice president and Director of Adomani. *Id.* ¶ 8. Kanning, who resides in California, serves as Adomani's Vice of President of Business Development and Vice President of Investor Relations. *Id.* ¶ 9.

Plaintiff owns a patent on an electric drive train. *Id.* ¶ 17. In 2012, Plaintiff partnered with Dennis Di Ricco to start a limited liability company ("LLC") "to manufacture an electric drive train." *Id.* ¶¶ 18, 20. Di Ricco hired Defendants Williams and Kanning to serve as executives with the LLC. *Id.* ¶ 20. Later, at Di Ricco's urging, Plaintiff and Di Ricco converted the LLC and incorporated Adomani as a Florida corporation. *Id.* ¶¶ 21–23. Di Ricco assured Plaintiff that Plaintiff would "remain the majority shareholder in the corporation." *Id.* ¶ 21. In early 2014, Di Ricco persuaded Plaintiff and Adomani's other Directors to hire Defendant Reynolds as Adomani's CEO. *Id.* ¶¶ 30–33. Plaintiff alleges that Adomani's S-1 Registration Statement filed in 2014 lists Plaintiff as the owner of over 34 million shares of common stock. *Id.* ¶ 38.

Plaintiff alleges that prior to Adomani's initial public offering, the individual Defendants—including Menerey, who had been hired as Adomani's CFO—targeted Plaintiff to reduce his shares of common stock. *Id.* ¶ 40. Eventually, Plaintiff signed an employment agreement with Adomani "which appended a Release of Claims in order to accommodate [Adomani's] initial public offering and monetize [Plaintiff's] option awards in the amount of 15,000,000 stock." *Id.* ¶ 44. Plaintiff alleges that Defendants then reincorporated Adomani as a Delaware corporation and listed Plaintiff as owning "only 4 million shares of common stock and 15 million options to purchase common stock." *Id.* ¶ 46. In May 2016, Reynolds "caused Adomani to terminate [Plaintiff]." *Id.* ¶ 47. In March 2018, Reynolds sent a letter to Plaintiff stating that Plaintiff had been terminated "for cause," which Plaintiff alleges Reynolds did to

2

Case No. 18-CV-05211-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

"wrongfully deprive" Plaintiff of Plaintiff's stock options. *Id.* ¶ 49.

**B. Procedural History**

On August 2, 2018, Plaintiff filed a Complaint against Defendants in Superior Court for the County of Santa Clara. Compl. Plaintiff's Complaint alleges four causes of action: (1) breach of contract against Adomani, *id.* ¶¶ 50–62; (2) fraud against the individual Defendants, *id.* ¶¶ 63–71; (3) fraudulent inducement to contract against the individual Defendants, *id.* ¶¶ 72–77; and (4) declaratory relief against all Defendants. *Id.* ¶¶ 78–82.

On August 24, 2018, all Defendants filed a notice of removal and removed Plaintiff's Complaint to federal court. ECF No. 1. Defendants removed the case on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a), (b). *Id.* at 2.

On September 24, 2018, Plaintiff filed a motion to remand the case to state court. ECF No. 9 ("Mot."). On September 26, 2018, Defendants agreed to waive service of process. ECF No. 12. On October 9, 2018, Defendants filed their opposition. ECF No. 15 ("Opp."). On October 16, 2018, Plaintiff filed a reply. ECF No. 17 ("Reply").

On November 21, 2018, the parties filed a stipulation to extend the deadline for Defendants to respond to Plaintiff's Complaint to 20 days after the Court's ruling on the instant motion to remand. ECF No. 25.

**II. LEGAL STANDARD**

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). In addition, a party may move to remand a case to state court "on the basis of any defect other than lack of subject matter jurisdiction," provided that the party so moves within 30 days of the notice of removal. *Id.*

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial*

3
Case No. 18-CV-05211-LHK
ORDER DENYING PLAINTIFF'S MOTION TO REMAND

*Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

In his motion to remand, Plaintiff argues that even though the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, remand is warranted because Defendants' notice of removal was procedurally improper. Specifically, Plaintiffs contends that the Defendants, all of whom are California residents, cannot remove Plaintiff's Complaint on the basis of diversity jurisdiction. Mot. at 2. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The Ninth Circuit has held that this rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939–40 (9th Cir. 2006) (holding that the local defendant rule is procedural rather than jurisdictional, and is thus subject to the 30-day limit in 28 U.S.C. § 1447(c) for motions to remand based on procedural defects).

Defendants do not dispute that all of the individual Defendants—Reynolds, Menerey, Williams, and Kanning—reside in California, and that Adomani has its principal place of business in California. *See* Opp. at 2. However, Defendants contend that 28 U.S.C. § 1441(b)(2) and the local defendant rule are not applicable to this case because Defendants filed their notice of removal before Defendants were served. By its plain language, § 1441(b)(2) states that an in-state defendant may not remove a case on the basis of diversity jurisdiction—if that defendant was "properly joined and *served*." 28 U.S.C. § 1441(b)(2) (emphasis added).

As a result, several courts in this district have held that "a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Sherman v. Haynes & Boone*, 2014 WL 4211118, at *1 & n.8

4

(N.D. Cal. Aug. 22, 2014) (citing cases); *see also Regal Stone Ltd. v. Longs Drug Stores Cal., LLC*, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (holding that courts in this district "hold that the clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served"). Some district courts in other districts have "declined to apply the plain meaning" of § 1441(b)(2) because, in their view, doing so would "defeat the statute's purpose." *Marsh v. Monster Beverage Co.*, 2016 WL 11508266, at *4 (C.D. Cal. Jan. 4, 2016) (collecting cases). Only a few months ago, the Third Circuit became the first circuit court to consider whether an unserved in-state defendant may remove a case on the basis of diversity jurisdiction. *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 n.2 (3d Cir. 2018). The Third Circuit held that under the "plain meaning" of § 1441(b)(2), an unserved in-state defendant may remove a case on the basis of diversity jurisdiction. *Id.* at 152–54. As explained below, the Court is persuaded by the reasoning of the Third Circuit and other district courts in this district, and concludes that § 1441(b)(2) does not bar an in-state defendant from removing an action before the defendant is served.

In opposition, Plaintiff points to one order in this district granting a motion to remand after an unserved in-state defendant had removed the action to federal court, but Plaintiff's argument is unavailing. Mot. at 6 (citing *Tourigny v. Symantec Corp.*, 110 F. Supp. 3d 961 (N.D. Cal. 2015)). By its own admission, *Tourigny* is distinguishable from the other cases in this district permitting unserved in-state defendants to remove prior to service. *Tourigny* involved a single local defendant who was notified of an error in service, and then removed the case to federal court before proper service was effectuated. *Id.* at 962. *Tourigny* held that 28 U.S.C. § 1441, by its plain language, applies only "when plaintiff sues multiple defendants," because the statute refers to "defendants" rather than a single defendant. *Id.* at 964; *see* 28 U.S.C. § 1441(b)(2) (prohibiting removal when "any of the parties in interest properly joined and served as *defendants*" is local) (emphasis added). Thus, *Tourigny* does not conflict with the conclusion that § 1441(b)(2)'s "joined and served" language means what it says: when a plaintiff sues multiple defendants, only a joined *and served* local defendant is prohibited from removing the case on the basis of diversity

5

jurisdiction. *Tourigny* itself recognized as much. *Id.* at 964 (stating that *Tourigny*'s interpretation of § 1441(b)(2) as applied to a single defendant "does not contradict" the several cases in this district holding that when a plaintiff sues multiple defendants, only a joined and served defendant is prohibited from removing).

Lastly, Plaintiff contends that the Court's plain language reading of § 1441 is "unreasonably literal," and that permitting an unserved local defendant to remove conflicts with the statute's purpose. However, Plaintiff's argument is unsupported. The Ninth Circuit has held that removal on the basis of diversity jurisdiction exists to "protect out-of-state defendants from possible prejudices in state court." *Lively*, 456 F.3d at 940. The local defendant rule recognizes that "[t]he need for such protection is absent . . . where the defendant is a citizen of the state in which the case is brought." *Id.* Failing to further a purpose is not equivalent to the purpose's impairment, however. Interpreting "joined and served" to permit pre-service removal does not impair an out-of-state defendant's ability to avoid "possible prejudices in state court." *Id.*

District courts in other districts have concluded that permitting pre-service removal frustrates § 1441(b)(2)'s general purpose of preventing "gamesmanship." *Marsh*, 2016 WL 11508266, at *2. However, the more precise question is whether pre-service removal frustrates the purpose behind § 1441(b)(2)'s "joined and served" language. As the Third Circuit explained, the "joined and served" language reflects Congress's intent to prevent a plaintiff from fraudulently joining a resident party in order to avoid removal to federal court. *Encompass*, 902 F.3d at 153. Interpreting "joined and served" to permit pre-service removal by an in-state defendant does not impair the provision's anti-fraudulent joinder purpose, which focuses on what a plaintiff may or may not do to defeat diversity jurisdiction. *Id.* (noting that a plain language interpretation of joined and served "protects the statute's goal without rendering any of the language unnecessary"). Moreover, as the district court in *Regal Stone* pointed out, Congress amended the removal statute after decisions permitting pre-service removal, but did not alter the "joined and served" language. *Regal Stone*, 881 F. Supp. 2d at 1129 (observing that a court "must interpret Congress's inaction as satisfaction with the unamended portion, or at least tolerance of its inadequacies").

6

Therefore, for all of the above reasons, the Court agrees with the Third Circuit and the district courts in this district to have considered the question presented by this case. By its plain language, 28 U.S.C. § 1441(b)(2) permits an in-state defendant who has not been both joined *and served* to remove a case to federal court on the basis of diversity jurisdiction. Here, it is undisputed that Defendants removed Plaintiff's Complaint before any Defendants were served. Thus, Defendants' notice of removal was not procedurally improper, and remand is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: January 8, 2019

_____
LUCY H. KOH
United States District Judge