UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD R MONFORT,<br><br>   Plaintiff,<br><br>  v.<br><br>ADOMANI, et al.,<br><br>   Defendants. | Case No. 18-CV-05211-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 84 |

On September 12, 2019, Defendants filed a motion for summary judgment. ECF No. 82. On September 26, 2019, Plaintiff filed his opposition to Defendants' motion for summary judgment. ECF No. 85. On the same day, Plaintiff also filed an administrative motion to seal certain exhibits in support of his opposition brief. ECF No. 84. Pursuant to Local Rule 79-5(e)(1), Defendants filed a declaration in support of Plaintiff's motion to seal those documents designated by Defendants as confidential. ECF No. 100 ("Guess Decl.").

Plaintiff's motion seeks sealing of two of his own documents designated as confidential: Exhibits D and F to the Declaration of Edward R. Monfort, ECF No. 86-1 ("Monfort Decl."), Exs. D, F. Plaintiff further seeks to seal twenty documents designated as confidential by Defendants

1

United States District Court
Northern District of California

1  that are located at Exhibits D, E, F, H, I, L, M, N, O, P, R, S, T, X, Y, Z, 3, 6, 14, and 15 to the

2  Declaration of Kristen O'Connor in Support of Plaintiff Edward R. Monfort's Response in

3  Opposition to Defendants' Motion for Summary Judgment. ECF No. 87 ("O'Connor Decl.");

4  ECF No. 91 (redacted exhibits to O'Connor Decl.). For the reasons below, the Court GRANTS in

5  part and DENIES in part Plaintiff's administrative motion to file under seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Here, the parties are seeking to seal judicial records related to a motion for summary judgment, which is a dispositive motion. *See Kamakana*, 447 F.3d at 1179. Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties requesting sealing must comply with Civil Local Rule 79–5, including that rule's requirement that the request must "establish . . . that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). The sealing

Case No. 18-CV-05211-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

In the instant motion, Plaintiff seeks to seal two documents containing privileged attorney-client communications that he designated as confidential. ECF No. 86-1, Ex. D. Courts have accepted attorney-client privilege as sufficient justifications for sealing under the higher "compelling reason" standard. *See, e.g.*, *Guidiville Rancheria of Cal. v. United States*, No. 12-CV-01326-YGR, 2013 WL 6571945, at *9 (N.D. Cal. Dec. 13, 2013) ("The document is covered by the attorney–client privilege, which establishes compelling reasons for sealing it from the public record."). Accordingly, the Court GRANTS Plaintiff's motion to seal as it pertains to Exhibits D and F to the Declaration of Edward R. Monfort. ECF No. 84-4.

As for documents designated by Defendants as confidential, Defendants acknowledged that Exhibits D, I, Y, 6, 14, and 15 need not be sealed. *See* Guess Decl. at 2–4. ECF Nos. 91, 91-4, 91-14, 91-17, 91-18, 91-19. Accordingly, the Court DENIES with prejudice Plaintiff's administrative motion to seal these exhibits.

Additionally, Defendants purport to seek sealing the entirety of Exhibits H, L, M, N, O, P, R, S, T, X, Z, and 3 to the Declaration of Kristen O'Connor, ECF No. 91, a request which is clearly overbroad in that it seeks to seal vast swaths of non-sealable material. As a result, the request is not "narrowly tailored to seek sealing only of sealable material," as mandated by Civil Local Rule 79-5(b). For example, Plaintiff filed the entirety of Exhibit N provisionally under seal. *See* ECF No. 84-3, Ex. N. This exhibit is an email chain between Defendants in this litigation. ECF No. 90-7 (sealed version); *see* Glass Decl. at 3. In support of sealing this entire exhibit, Defendants offer only that the exhibit "contains confidential internal company financials relating to the underwriting of ADOMANI's IPO," but do not specify which portions of the exhibit contain this confidential information. Guess Decl. at 3. It is true that "business strategy," *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *3 (D. Ariz. Dec. 13, 2011), "financial projections," *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011), and "confidential sales data"

3

about a company's products, *Bauer Bros. LLC v. Nike, Inc.*, No. 09CV500-WQH-BGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24, 2012), have been found sealable by courts.

However, much of the redacted material does not fall into any of these categories of information. In Exhibit N, for instance, the email communications mostly contain Defendants' discussions about Plaintiff, and only contain passing references to "internal company financials." *See* ECF No. 90-7. In fact, this problem pervades the sealing request as it pertains to Defendants' confidential exhibits because only three of the remaining fourteen exhibits contain any tailoring whatsoever. *But see* Civ. L.R. 79-5(b). Because Defendants' sealing request is overbroad, Plaintiff's motion to seal is DENIED without prejudice with respect to all of the remaining exhibits designated as confidential by Defendants: specifically, Exhibits E, F, H, L, M, N, O, P, R, S, T, X, Z, and 3 to the Declaration of Kristen O'Connor in Support of Plaintiff Edward R. Monfort's Response in Opposition to Defendants' Motion for Summary Judgment. ECF No. 91.

In sum, the Court rules on Plaintiff's motion to seal as follows:

| **Specific Document** | **Specific Portion** | **Ruling** |
|---|---|---|
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit D | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit E, 180:14–20, 181:17–182:24, 202:25–203:2 | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit F, 100:25–101, 161:13–162:1, 165:1–167:18, 201:16–17, 204:16–17, 214:18–22, 9:15–10:13, 216:12–217:10 | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit H | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit I | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit L | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit M, 200:24–201:6 | DENIED. |

| **Specific Document** | **Specific Portion** | **Ruling** |
|---|---|---|
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit N | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit O | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit P | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit R | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit S | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit T | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit X | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit Y | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit Z | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit 3 | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit 6 | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit 14 | DENIED. |
| Declaration of Kristen O'Connor in Support of Opposition Motion | Exhibit 15 | DENIED. |
| Declaration of Edward R. Monfort in Support of Opposition Motion | Exhibit D | GRANTED |
| Declaration of Edward R. Monfort in Support of Opposition Motion | Exhibit F | GRANTED. |

Defendants are ordered to confer with Plaintiff to clarify which specific portions of those exhibits contain sealable information. The parties are then ordered to jointly file by December 6, 2019, a renewed administrative motion to seal that is narrowly tailored to only seek sealing of

5

Case No. 18-CV-05211-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

material that is sealable under applicable case law. The renewed motion to seal must comply with Civil Local Rule 79-5. Specifically, as a result of a technical failure when Plaintiff filed his motions, the redacted and unredacted versions of the exhibits are spread across 15 docket entries. ECF Nos. 84–98; *see* ECF No. 99 (explaining Plaintiff's technical failure upon filing). Therefore, to avoid further complicating the docket, the parties should file the administrative motion to seal with required documents in one ECF entry. The ECF entry shall have the following four attachments: (1) Defendants' declaration supporting sealing, (2) proposed order, (3) redacted version of the exhibits to be sealed, and (4) unredacted version of the exhibits to be sealed with highlighting to indicate the portions of the documents that have been redacted. *See* Civ. L.R. 79-5(d).

**IT IS SO ORDERED.**

Dated: November 22, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge