United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD R MONFORT,<br><br>Plaintiff,<br><br>v.<br><br>ADOMANI, et al.,<br><br>Defendants. | Case No. 18-CV-05211-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RENEWED MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 110 |

On September 12, 2019, Defendants filed a motion for summary judgment. ECF No. 82. On September 26, 2019, Plaintiff filed his opposition to Defendants' motion for summary judgment. ECF No. 85. On the same day, Plaintiff also filed an administrative motion to seal certain exhibits in support of his opposition brief. ECF No. 84. On November 22, 2019, the Court granted in part and denied in part Plaintiff's sealing motion but permitted the parties to jointly file a renewed motion. ECF No. 106. Pursuant to the Court's order, the parties filed their renewed motion on December 6, 2019. ECF No. 110 ("Mot."). In support of the parties' renewed sealing motion, the parties filed a declaration from Daniel-Charles Wolf. ECF No. 110-1 ("Wolf Decl."). The parties' renewed administrative motion to seal is now before the Court.

The parties' renewed motion pertains to 14 documents designated as confidential by

1
Case No. 18-CV-05211-LHK
ORDER GRANTING IN PART AND DENYING IN PART RENEWED MOTION TO FILE UNDER SEAL

Defendants that are located at Exhibits E, F, H, L, M, N, O, P, R, S, T, X, Z, and 3 to the Declaration of Kristen O'Connor in Support of Plaintiff Edward R. Monfort's Response in Opposition to Defendants' Motion for Summary Judgment. ECF No. 87 ("O'Connor Decl."); ECF No. 110-3 (redacted exhibits to O'Connor Decl.). For the reasons below, the Court GRANTS the parties' renewed administrative motion to file under seal.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted). Within the Ninth Circuit, documents that are more than "tangentially related . . . to the underlying cause of action" are not sealable unless the Court agrees that "compelling reasons" exist to overcome the presumption of access. *See Kamakana*, 447 F.3d at 1179.

Here, Defendants wish to seal judicial records related to a motion for summary judgment, which is a dispositive motion and thus more than "tangentially related" to the cause of action. *See Kamakana*, 447 F.3d at 1179. Defendants must therefore overcome the presumption of public access by offering "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

In our district, in addition to meeting the applicable standard under *Kamakana*, all parties

requesting sealing must comply with Civil Local Rule 79–5, including that rule's requirement that the request must "establish . . . that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

**II. DISCUSSION**

As an initial matter, Defendants state that Exhibit H, ECF No. 90-3, need not be filed under seal. *See* Wolf Decl. at 3. Accordingly, the Court DENIES with prejudice the parties' request to seal with respect to Exhibit H. Plaintiff shall refile Exhibit H publicly consistent with this order and Civil Local Rule 79-5(f).

Additionally, the parties seek to seal portions of Exhibits E, F, L, M, N, O, P, R, S, T, X, Z, and 3 to the Declaration of Kristen O'Connor. *See* ECF No. 110-3. The information sought to be sealed in these exhibits falls into the following categories: (1) contracts between Defendants and third parties, and information provided by third parties; (ii) confidential financial information from Defendants; (iii) personally identifiable information of third-party individuals, including names, medical records, and financial information; and (iv) information regarding Defendants' prospective business plans, dealings and strategies, including those pertaining to Adomani's initial public offering. *See* Wolf Decl. The Court agrees that compelling reasons exist to seal this information. *See, e.g.*, *FTC v. Qualcomm Inc.*, No. 17-CV-220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the compelling to the extent it may harm the party or third parties' "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets."); *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. Jun. 25, 2011) (finding information regarding party's "long-term financial projections, discussions of business strategy, and competitive analyses" sealable under the compelling reasons standard); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citing *Foltz v.*

3

*State Farm. Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003))); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 22014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal confidential customer information, including address, phone number, and email address); *Transperfect Global, Inc. v. Motionpoint Corp.*, No. C 10-2590 CW, 2013 WL 209678, at *1 (N.D. Cal. Jan. 17, 2013) (granting motion to seal exhibits that contained proprietary information about the sealing party's internal business operations). Furthermore, the parties' request is narrowly tailored because the requested sealing includes only those categories of information. Accordingly, the parties' request to seal the remaining exhibits is GRANTED.

In sum, the Court rules on the parties' renewed motion to seal as follows:

| **Specific Document** | **Specific Portion** | **Ruling** |
|---|---|---|
| O'Connor Decl., Exhibit E | 180:14–20, 181:17–182:24, 202:25–203:2 | GRANTED |
| O'Connor Decl., Exhibit F | 9:25–10:12, 100:22–101:5, 216:17–217:10, 161:17–162:1, 165:3–8, 165:12–13, 165:21–22, 165:24–25, 166:6–7, 166:10–11, 166:18–19, 166:23, 166:25–167:1, 167:5–6, 167:8–9, 204:16–17, 214:18–22 | GRANTED |
| O'Connor Decl., Exhibit H | N/A – Defendant does not seek to seal this document | DENIED with prejudice |
| O'Connor Decl., Exhibit L | Redactions at L.3–L.8 | GRANTED |
| O'Connor Decl., Exhibit M | 200:24–201:6 | GRANTED |
| O'Connor Decl., Exhibit N | Redactions at ADOM-MON_0093642–0093651 | GRANTED |
| O'Connor Decl., Exhibit O | Redactions at O.1–O.4 | GRANTED |
| O'Connor Decl., Exhibit P | Redactions at ADOM-MON_0054041 | GRANTED |
| O'Connor Decl., Exhibit R | Redactions at ADOM-MON_0085013–0085016 | GRANTED |
| O'Connor Decl., Exhibit S | Redactions at ADOM-MON_0006418–0006423 | GRANTED |

| **Specific Document** | **Specific Portion** | **Ruling** |
|---|---|---|
| O'Connor Decl., Exhibit T | Redactions at ADOM-MON_0045847–0045850 | GRANTED |
| O'Connor Decl., Exhibit X | Redactions at ADOM-MON_0107732–0107898 | GRANTED |
| O'Connor Decl., Exhibit Z | Redactions at ADOM-MON_0129753–0129756 | GRANTED |
| O'Connor Decl., Exhibit 3 | Redactions at ADOM-MON_0043234–0043243 | GRANTED |

**IT IS SO ORDERED.**

Dated: January 13, 2020

_____
LUCY H. KOH
United States District Judge